UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZSOLT LENDVAI<br><br>Defendant | Criminal Case No. 12-10112-GAO |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States recommends a sentence of 32 months of incarceration, 36 months of supervised release, no fine, restitution in the amount set forth in the PSR plus some incidental amounts claimed by victims not set forth in the PSR, forfeiture, and a mandatory special assessment of $200.

The United States and the Defendant agree on most of the major points before the Court, except for the final number of months of imprisonment, and even there the parties are not far apart.

If Mr. Lendvai is not granted a two-level downward adjustment for minor role in the offense, then the total offense level is, as the PSR reports, 25, *see* PSR ¶ 52, and the guideline sentencing range is 57-71 months. (The PSR incorrectly lists the range for CHC I/TOL 25 as 51-63 months, PSR ¶ 91, but the sentencing table lists the range as 57-71 months.)

The United States agrees with Mr. Lendvai, however, that he should receive a two-level downward adjustment under U.S.S.G. § 3B1.2(b) for his minor role in the offense. Granted, Mr. Lendvai committed important and substantial steps in laundering the money for a conspiracy that fleeced people for at least $1.1 million, steps that might superficially disqualify him for the

minor role reduction. But Mr. Lendvai stood to profit far, far less than the total loss: only around $5,000. So while Mr. Lendvai was not a minor participant with respect to the money laundering itself, he was a minor participant with respect to the fraud scheme as a whole, which encompassed money laundering. Consequently, he should receive the two-level minor role reduction under U.S.S.G. § 3B1.2(b). If he does not qualify for this reduction precisely under the letter of the guideline, then the Court should nevertheless depart two levels downward because Mr. Lendvai fits within the guideline's spirit, and also because Mr. Ringhoffer, a co-conspirator who was substantively in the same position as Mr. Lendvai, received the minor role reduction when he was sentenced by Judge Young, and unwarranted sentence disparities among similar defendants should be eliminated when possible, 18 U.S.C. § 3553(a)(6).

With the minor role reduction or an equivalent downward departure, Mr. Lendvai's total offense level goes down to 23, and his sentencing guideline range decreases 46-57 months.

Again, however, the United States agrees that Mr. Lendvai should receive another downward departure because of coercion, U.S.S.G. § 5K2.12. Claims of coercion should be met with extreme skepticism. They are usually too easy to manufacture after capture and too difficult to prove or disprove. And in most cases, a person faced with committing a crime or risking a threat to himself should not be allowed decide that another should suffer rather than himself. In this case, however, the United States is satisfied that the threats were real because Mr. Lendvai's claims of threats are consistent with those of his co-conspirators, Eniko Somodi and Tamas Ringhoffer. The United States is aware that co-conspirators can get their stories straight even when the co-conspirators are behind bars. But in this case the United States is satisfied that the co-conspirators were consistent because the threats were real. Moreover,

because the threats were made not just against Mr. Lendvai himself but also against his family back in Hungary, it is somewhat more excusable that Mr. Lendvai chose criminality over a beating. It's one thing to take a beating yourself to avoid criminality, but quite another to force your family to take that beating for you. Consequently, the United States suggests a 20% downward departure for coercion — again consonant with the downward departure requested for Mr. Ringhoffer.

In addition, the United States will suggest an additional 10% downward departure on grounds that it will explain at the time of sentencing.

Adding together the 20% downward departure for coercion and the 10% downward departure for other ground yields a 30% downward departure from a sentencing range of 46-57 months. This yields a range of 32-40 months.

The bottom of this range, 32 months of imprisonment, is an appropriate sentence. Although Mr. Lendvai was a minor participant, he was nevertheless a vital component in a $1.1 million fraud that lasted a month or so and ensnared numerous victims who are outraged that they will not receive back their hard-earned money. Their anger and sadness is almost palpable. Although the United States agrees with Mr. Lendvai that he is unlikely to commit another crime in the United States or elsewhere, general deterrence, just punishment, and respect for the law will all be served by a significant jail term.

    Respectfully submitted.

    CARMEN M. ORTIZ
    United States Attorney

By:   */s/ Scott L. Garland*
    Scott L. Garland
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed through the ECF system and therefore will be served on defense counsel through the resulting Notice of Electronic Filing.

> */s/ Scott L. Garland*
> Scott L. Garland
> Assistant U.S. Attorney

Date: January 18, 2013